**Ruben BLACKSHEAR, Plaintiff-Appellant,**

v.

**Nell HATFIELD, et al., Defendants-Appellees.**

No. 01–3437.

United States Court of Appeals, Sixth Circuit.

Jan. 24, 2002.

Before BOGGS and MOORE, Circuit Judges; RUSSELL, District Judge.*

*ORDER*

Ruben Blackshear, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Blackshear sued the Lebanon Correctional Institution Records Officer Administrator (Martin), the Richland Correctional Institution (RCI) Records Officer Administrator (Eppinger), and an RCI Unit Manager (Roubanes), in their individual capacities. Blackshear essentially claimed that the defendants violated his Sixth and Fourteenth

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

Amendment rights because they have not applied his earned good time credits to his sentence and effectively extended the date of his parole hearing. Upon review, the district court dismissed the complaint, pursuant to 28 U.S.C. § 1915(e), concluding that Blackshear does not have a right to parole and also because he does not have a right to accumulate good time credits. Thereafter, Blackshear filed a motion for reconsideration, arguing that the district court had improperly construed his claim as asserting a right to parole. He stated that he was asserting a due process right to have his earned good time credits applied to his sentence and to be brought before the parole board in a timely manner. Upon review, the district court denied the motion, concluding that Blackshear's claim was barred by the doctrine announced in *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Blackshear has filed a timely appeal, essentially reasserting his claim.

Upon review, we conclude that the district court properly dismissed Blackshear's complaint. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A review of Blackshear's complaint clearly reflects that, although he has not asked to be released from confinement, he is seeking a speedier release because he sought to have the defendants correct an alleged improper calculation of his earned good time credits, which in turn would impact the duration of his sentence. Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983. *Preiser,* 411 U.S. at 488–90, 93 S.Ct. 1827. Moreover, while *Preiser* does not bar all § 1983 challenges to parole procedures, *Spencer v. Kemna,* 523 U.S. 1, 17–18 (1998), Blackshear does not challenge Ohio's parole procedures. Hence, he is barred from pursuing this claim under § 1983.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.